UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES WARREN GRISSOM                )
                                      )
            Petitioner,               )
                                      )
      v.                              )    No. 4:04 CV 1292 HEA
                                      )                    DDN
                                      )
AL LEUBBERS                           )
                                      )
            Respondent.               )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Charles Warren Grissom for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, the undersigned recommends denying habeas relief.

**I. BACKGROUND**

On February 10, 2003, petitioner pled guilty to statutory rape in the second degree. (Doc. 8 at 2.) Petitioner received a suspended execution of a six-year sentence and five years probation. (Id. at 3.) On October 9, 2003, petitioner's probation was revoked for several violations and his sentence was executed. (Id.) Petitioner was delivered to the custody of the Missouri Department of Corrections (MDOC) on October 17, 2003. (Id.) Petitioner was denied another term of probation on January 20, 2004. ( Id.)

On May 21, 2004, petitioner filed a state habeas corpus petition challenging his original guilty plea of February 10, 2003. (Id.) The petition was denied on August 26, 2004, and petitioner filed his petition for federal habeas relief in this court September 22, 2004. (Id.)

**II. PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF**

Petitioner alleges four grounds for relief in this habeas action:

(1) Ineffective assistance of counsel because petitioner was prompted to plead guilty involuntarily by counsel's advice that going to trial would lead to the maximum sentence and that petitioner would most likely be released after one-hundred and twenty days pursuant to Mo. Rev. Stat. § 559.115. (Doc. 2 at 7.)

(2) Denial of due process because of a lack of evidence against him. (Id. at 11.)

(3) Denial of due process because the state failed to object to his release pursuant to Mo. Rev. Stat. § 559.115 and there is no evidence or factual basis to sustain petitioner's plea. (Id. at 12.)

(4) Sufficient cause and prejudice to overcome his procedural default in failing to timely file a Rule 24.035 motion. (Id. at 12.)

### III. TIMELINESS

Under 28 U.S.C. § 2254(d), the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas corpus petitions must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(2).

In order to determine the date on which the statutory period begins to run, the court must determine the date of the final judgment, or when direct review, or the time for seeking it, expired. Under Missouri law, a judgment in a criminal case becomes final when the sentence is entered or a guilty plea is entered, and an appeal must be taken ten days from that date. Missouri v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993).

Petitioner's judgment and conviction became final on February 20, 2003, ten days after his sentence was entered and his time to appeal had expired. See Roberson v. Dormire, 2005 L 1307683, at *1 (W.D. Mo. 2005) (judgment final for habeas purposes 10 days after sentence). He did not appeal or file any other motions for relief in state court, until his probation was revoked and he filed a petition for state habeas relief.[1]

---

[1]The court notes that, if plaintiff were challenging the revocation procedure itself, his only state remedy is a Rule 91 motion for state habeas relief. Davis v. Purkett, 296 F. Supp. 2d 1027, 1029 n.1 (E.D. Mo. 2003). However, petitioner is challenging various issues with his
(continued...)

Petitioner's instant habeas petition was not filed in this court until September 22, 2004, after the one-year limitations period had expired.

A court may equitably toll the statute of limitations if extraordinary circumstances beyond the petitioner's control made filing the petition in a timely fashion impossible. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Petitioner has not alleged any reason that prevented him from filing his petition in a timely fashion. Therefore, his petition should be denied as untimely.

### IV. EXHAUSTION OF STATE REMEDIES AND PROCEDURAL BAR

Petitioner's grounds, even if timely filed, are also procedurally barred from review in this court. In order for a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. 28 U.S.C. § 2254(b) and (c); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Sloan v Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). A failure to raise a claim in the state courts erects a procedural bar to relief in the federal court. Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).

Petitioner's state habeas petition was not sufficient to preserve federal review of his claims. Petitioner was required to file a Rule 24.035 motion to preserve his constitutional claims for federal review. Mo. Sup. Ct. R. 24.035; Weeks v. Bowersox, 119 F.3d 1342, 1347 (8th Cir. 1997). He was required to do so within 180 days of being taken into custody. Mo. Sup. Ct. R. 24.035(b).

Petitioner was taken into custody on October 17, 2003, and had until April 14, 2004 to file his Rule 24.035 motion. He did not do so. Failure to file a timely Rule 24.035 post-conviction relief motion constitutes a default and raises a procedural bar to federal habeas review. Weeks, 119 F.3d at 1350.

---

(...continued)
guilty plea.

Petitioner may avoid the procedural bar by demonstrating legally sufficient cause for the default and actual prejudice which results from the default, or by demonstrating that the failure to consider the grounds will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Legally sufficient cause for a procedural default must be based upon an objective factor external to the petitioner and his case, which impeded petitioner or his counsel from complying with the state's procedural rule. Id. at 750-52.

Petitioner argues that there is sufficient cause for his procedural default. He argues that his counsel was ineffective, his gulity plea was involuntary because the prosecution failed to provide him with the evidence against him, and that manifest injustice will result. (Doc. 2 at 14-15.)

The failure of petitioner to learn from his attorney about a legal point is not sufficient cause to excuse a procedural bar. Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994). In addition, petitioner's ineffective assistance of counsel argument is not legally sufficient cause during post-conviction hearings because no constitutional right to counsel attaches at that stage. Coleman, 501 U.S. at 725. There is no evidence of a manifest injustice.

Petitioner has failed to demonstrate a legally sufficient cause and actual prejudice for his failure to file a Rule 24.035 motion. He has not shown that any factor external to his case impeded his efforts to comply with the state's procedural rule. Therefore, in addition to his federal petition being untimely, petitioner's claims are procedurally barred from review and this court need not address the merits of petitioner's claims.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the petition of Charles Warren Grissom for a writ of habeas corpus be denied.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 11, 2007.